IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

AT NASHVILLE

---

| | |
|---|---|
| LARRY SNEED ) | |
| Plaintiff, ) | Case. No. 3:12cv1198 |
| v. ) | Judge Campbell |
| Solutia Revenue Recovery, Inc. ) | Magistrate Judge Bryant |
| (formerly Solutia TAS, Inc. ), ) | JURY DEMAND |
| Defendant ) | |

---

**COMPLAINT**

---

Comes now the plaintiff, pro se, and for his complaint against defendant, would say to the court as follows:

Defendant, Solutia Revenue Recovery, Inc. (formerly known as Solutia TAS, Inc.) is in violation of 15 U.S.C. § 1692, et. seq., (Fair Debt Collection Practices Act, or FDCPA) and 15 U.S.C. § 1681, et seq., (Fair Credit Reporting Act, or FCRA)

This court has jurisdiction in this matter as a question of federal law under 28 U.S.C. §1331; 15 U.S.C. 813 (d); and 15 U.S.C. §1681(p).

## VENUE

Plaintiff maintains a residence and office in Nashville, Davidson County, Tennessee. Defendant has offices located in Columbia, Maury County, Tennessee. The location of the subject matter occurred in Davidson County, Tennessee.

## CAUSE OF ACTION

A. Defendant is in violation of the Fair Debt Collection Practices Act (FDCPA).

1. During the time period of approximately February, 2012, defendant contacted plaintiff by telephone to inquire about the payment of an alleged debt of $230. Defendant did not identify herself as a debt collector, in violation of section 807 (11), of the FDCPA.

2. Upon request by the plaintiff, defendant mailed some documents to plaintiff. Plaintiff then responded to defendant that the documents did not show a liability by the plaintiff for the alleged debt and disputed same. Again, this communication

did not advise the plaintiff of his right to dispute the validity of the debt within the 30 days provided by law, in violation of section 807(11).

3. On or about August 20, 2012, in anticipation of making an application for credit, plaintiff reviewed his credit report and discovered an entry from "Solutia Healthcare" as a collection, derogatory account, on plaintiff's TransUnion consumer report (EXHIBIT A).

4. Upon discovery of derogatory item by defendant, plaintiff wrote defendant requesting that this item be verified and that plaintiff disputed it. (EXHIBIT B).

Plaintiff never received a response to this communication, in violation of section 813(a)(1)(2). Plaintiff again wrote defendant on September 25, (EXHIBIT C), requesting a response to his first letter, and, again, disputing the debt. Plaintiff still did not receive a response from defendant, and defendant continued to report this item as a derogatory item, and, effectively preventing plaintiff from any application for credit due to the negative item on his consumer report, and, in fact, was denied credit as a result of defendant's reporting of this inaccurate listing to plaintiff's credit report (EXHIBIT D).

    B. Defendant is in violation of 15 U.S.C 1681 et seq. (Fair Credit Reporting Act) (FCRA).

1. Plaintiff first became aware that defendant had reported this account to TransUnion credit bureau as a "derogatory item" and a collection account on or about August 20, 2012. (EXHIBIT A). Plaintiff immediately wrote defendant to notify them of this dispute (EXHIBIT B). In addition, plaintiff sent a dispute letter to TransUnion (EXHIBIT E).

Plaintiff again wrote defendant requesting a response to his first letter (EXHIBIT C). Defendant did not respond, or conduct a reasonable investigation, a violation of §1681s-2(b)(1) of the FCRA.

2. After receiving notice of the plaintiff's dispute, defendant failed to report that the item was "under dispute", a violation under §1681s-2(b).

3. Defendant reported the account open date of Feb. 23, 2012, when in fact, the alleged account was opened in January, 2007, a violation under §1681s-2(b).

4. Defendant, as a result of its inaccurate and willful violations of the FCRA, is liable to plaintiff under §1681(n).

## DEMAND

As a result of the violations enumerated above by defendant, plaintiff has suffered a loss of credit opportunities, denial of credit, emotional and mental stress, embarrassment, and loss of income.

Therefore, plaintiff prays the court to award damages to plaintiff against defendant in the amount of $4,000 in statutory damages, $12,000 in compensatory damages, costs of this action, attorney fees, and such punitive damages as may be allowed by law at the discretion of the court, and, such other and general relief to which the plaintiff may be entitled.

**PLAINTIFF MAKES JURY DEMAND**

Respectfully submitted,

*/s/ Larry Sneed*

Larry Sneed
PLAINTIFF PRO SE
P.O. Box 17708
Nashville, Tenn. 37217
(615) 506-8996
energyconceptstn@gmail.com